IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MICHAEL ANDREW ROBINSON,**

Plaintiff,

v.

**HOT GRABBA LEAF, LLC,**

Defendant.

_____/

Case No.: 19-CV-61614-DPG

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT**

     In his November 20, 2020 opposition to Defendant's Motion to Set Aside the Final Default Judgment, Plaintiff argues that: (1) Defendant does not meet the strict standard required for setting aside a final default judgment; and (2) Plaintiff would be prejudiced by vacating the December 17, 2019 Default Judgment. (Dkt. 25) First, as will be further explained below, Plaintiff would not be prejudiced by this Court vacating the Default Judgment. In its December 17, 2019, default judgment (Dkt. 25), this Court Ordered that "Trademark Registration No. 4,263,417 [owned by Defendant Hot Grabba Leaf LLC] for Hot Grabba Natural Tobacco Leaf shall be cancelled." **It is Defendant's intent, that once this Court vacates its December 17, 2019, Default judgment and Order, Defendant will have the right to file with the Patent and Trademark Office a trademark registration for "HOT GRABBA NATURAL TOBACCO LEAF," in standard character format, for "leaf tobacco," in International Class 34 (disclaiming the exclusive right to use "GRABBA NATURAL TOBACCO.")** This will move the parties' dispute back to the United States Patent and Trademark Office.

If the Court grants Defendant's motion, the proper venue will be a return to the USPTO. Plaintiff's two trademark registrations, Registration No. 44871173 for "GRABBA LEAF" and of Registration No. 44610934 for "GRABBA LEAF and design," have become incontestable (Dkt. 30 at pages 2-3) and **will remain incontestable** if its December 17, 2019 Default Judgment and Order is vacated. Thus, there is no prejudice to Plaintiff. Further, after vacating the default, this Court could dismiss this case because there would be longer be a case or controversy between Plaintiff and Defendant since Defendant's trademark "HOT GRABBA NATURAL TOBACCO LEAF" was cancelled the Default Judgment. Second, as was explained in its November 5, 2020 Motion and Memorandum (Dkts. 28 and 28-1), and as will be further explained below, Defendant has indeed met the strict standard required for setting aside the final default judgment.

I. **DILIGENCE AND TIME FRAME FOR FILING MOTION TO VACATE PURSUANT TO RULE 60(b)(1) OF THE FRCP**

Plaintiff cites *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922 (11th Cir. 2007), to support his proposition that Defendant was not diligent, and waited too long before seeking to vacate the default entry and judgment. Plaintiff, more specifically, alleges that "[i]n delaying over one year, and for 11 months as to the Default Final judgment after having been served, and after its counsel was notified, Defendant has simply not offered any valid and justiciable reason for the delay." Plaintiff's citation of *Sloss Indus. Corp. v. Eurisol* is misplaced. In *Sloss Indus. Corp.*, defendant Eurisol did not submit any specific dates in the affidavits. This lack of detail was fatal to Eurisol's Rule 60(b) (1) motion, as the panel specifically stated:

> One may wonder why there are no dates in the preceding paragraph. After all, time matters when one seeks to set aside a default, and in analyzing whether a defaulting defendant has shown good reason for failing to timely respond, it is important to know exactly when certain actions were taken, and what delays existed before or after those actions. The reason there are no dates is that the affidavits of Mr. Ferrarin and Mr. Bertrand are utterly devoid of chronological specificity. . . . In other words, the affidavits say nothing about when

Eurisol or its counsel learned about the initial default judgment on liability or the final default judgment. This lack of detail is, in our view, fatal to Eurisol's Rule 60(b) (1) motion. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007).

In contrast, the timeline in Mr. Bryan Wilson's declaration (Dkt. 28-2) are supported with numerous dates. For example, from **June 2019 through early October 2019**, Mr. Wilson was traveling out of the United States to promote Hot Grabba Leaf's business. (*Id.* at ¶3) In **July 2019**, while Mr. Wilson was out of the country, he instructed his bookkeeper/CPA firm to change the old West Hempstead address for Hot Grabba Leaf to the new address located at 49C N. Franklin Street, Hempstead, New York, 11550. (Id. at ¶6) Mr. Wilson discovered for the very first time more than a year later on **August 31, 2020**, that his bookkeeper/CPA firm did indeed change the old West Hempstead address for Hot Grabba Leaf with the Internal Revenue Service, but inadvertently failed to change for business purposes the old West Hempstead address for Hot Grabba Leaf on file with the New York State Secretary of State. (*Id.* at ¶7) Mr. Wilson did not learn until **Monday, August 31, 2020**, that Hot Grabba Leaf had been served on **September 25, 2019,** with the summons and complaint for this lawsuit at the old West Hempstead address on file with the New York State Secretary of State. (*Id.* at ¶10) It was not until **Friday, August 28, 2020** that Mr. Wilson first received a notice from the U.S. Trademark Office that his trademark Registration No. 4,263,417 had been cancelled. (*Id.* at ¶15) On **Friday, August 28, 2020**, Mr. Wilson immediately contacted attorney Mr. Daniel Teslar, who had represented Hot Grabba Leaf in the TTAB Proceedings and asked for advice. (*Id.* at ¶16) On **Monday August 31, 2020**, in the course of looking for Florida counsel to represent him in this matter, Mr. Wilson learned for the very first time that this lawsuit had been filed against Hot Grabba Leaf LLC on June 27, 2019 (Id. at ¶19) On **Monday, August 31, 2020**, Mr. Wilson discovered for the very first time that Hot Grabba Leaf LLC had been served on September 25, 2019, with the summons and complaint in

this lawsuit at the old West Hempstead address located at 45 Hempstead Turnpike, West Hempstead, NY 11552. (*Id.* at ¶21) On **Monday, August 31, 2020**, Mr. Wilson also discovered for the first time that Hot Grabba Leaf business address on file with the New York State Secretary of State was the old West Hempstead address for Hot Grabba Leaf, and that the old West Hempstead address had not been updated in July 2019 as he had requested of his bookkeeper/CPA and as he had expected. (*Id.* at ¶22) On **Monday, August 31, 2020**, Mr. Wilson further also learned for the very first time that on December 17, 2019, a default judgment (Dkt. 25) had issued against Hot Grabba Leaf LLC. (*Id.* at ¶23) Thus, the events in Mr. Bryan Wilson's declaration (Dkt. 28-2) are well-documented with dates and chronological specificity.

Defendant cites *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir. 1951), is <u>directly on point</u>. (Dkt. 28-1) In *Tozer v. Charles A. Krause Milling Co.,* the Third Circuit found no willfulness but "excusable neglect" notwithstanding Defendant's failure to inform the Secretary of the Commonwealth of a change in address of its registered office to do business in Pennsylvania. Defendant never received notice of the lawsuit because the summons and complaint were delivered to the old address. Defendant also had no knowledge of the lawsuit prior to the entry of default judgment. The Third Circuit specifically stated: "[d]efendant's only negligence was a careless conduct of its business in failing to ascertain that its broker [Defendant's statutory agent for receiving process] had moved and in failing to notify the Secretary of the Commonwealth [of the new address for the broker]." In the instant case, Mr. Wilson's only negligence, if any, was relying on his bookkeeper/CPA to change his business address for receiving process with the New York Secretary of State. See also *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("A leading authority is *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245-246 (3d Cir. 1951)

4

(reversing denial of relief below), in which the court noted, *inter alia*, that 'the interests of justice are best served by a trial on the merits' . . .")

Defendant was not only diligent in seeking to vacate the default judgment, but has also complied with the time frame set forth in Rule 60 (c) of the FRCP which states:

> (c) TIMING AND EFFECT OF THE MOTION.
>
> (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1) [mistake, inadvertence, surprise, or excusable neglect] (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

The default judgment (Dkt. 25) was entered on the December 17, 2019. Thus, pursuant to Rule 60 (c) of the FRCP, Wilson's motion was timely filed.

## II. DEFENDANT WAS NEVER PROPERLY SERVED

Plaintiff argues that Defendant was properly served, and that Defendant's counsel, Daniel A. Tesler Esq., was expressly notified about the filing of the subject lawsuit, thus denying relief to Defendant. Rule 4-1.1 of the Rules Regulating the Florida Bar states:

> Rule 4-1.1: Competence: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

Mr. Daniel A. Tesler was not competent to represent Defendant, especially in the litigation., before this Court and he informed the Defendant of this. Attached hereto as Exhibit A is a declaration of Daniel A. Tesler. ("Tesler Decl.") In his declaration, Mr. Tesler states, *inter alia*, that he represented Defendant Hot Grabba Leaf, LLC in the trademark proceeding before the Trademark Trial and Appeal Board ("TTAB"), where Plaintiff Michael Andrew Robinson had filed for cancellation of Defendant's trademark Registration No. 4,263,417 for "HOT GRABBA NATURAL TOBACCO LEAF," in standard character format, for "leaf tobacco," in International Class 34 (disclaiming the exclusive right to use "GRABBA NATURAL TOBACCO.") (Tesler

Decl. at ¶4)  Significantly, defendant Hot Grabba Leaf LLC prevailed in the trademark cancellation proceeding. (*Id.* at ¶5)  This appeal followed Robinson's loss before the TTAB.

On July 13, 2019 Mr. Tesler received an e-mail from Mr. Louis R. Gigliotti, Esq., asking if he was going to represent Defendant Hot Grabba Leaf LLC in an appeal of the trademark cancellation proceeding in this federal court. (*Id.* at ¶6) A copy of the July 13, 2019 e-mail is attached as Exhibit I to the Tesler Declaration. (*Id.* at ¶7) On July 15, 2019 Mr. Tesler sent Mr. Gigliotti an e-mail informing him that he would not represent Defendant Hot Grabba Leaf LLC in litigation in the federal court for the Southern District of Florida. (*Id.* at ¶8) A copy of the July 15, 2019 is attached as Exhibit II to the Tesler Declaration. (*Id.* at ¶9) Mr. Tesler could not have represented Defendant in these litigation matters because he would have violated Rule 4-1.1 of the Rules Regulating the Florida Bar. As he recognized, he was not competent to litigate on behalf of Defendant Hot Grabba Leaf LLC. (*Id.* at ¶10) Mr. Tesler is not admitted to the Florida Bar, nor is he admitted to practice in any federal district court in the United States. (*Id.* at ¶¶ 11,12)

Plaintiff cites *Annon Consulting, Inc. v. BioNitrogen Holdings Corp,* 650 F. App'x 729, 732 (11th Cir. 2016), to support his proposition that Defendant was "given ample opportunity to comply with court orders but [failed] to do so," and that Defendant's "default was willful where defendant knew of the complaint and of the clerk's initial entry of default and still failed to file a responsive pleading." Plaintiff's citation of *Annon Consulting, Inc. v. BioNitrogen Holdings Corp* is misplaced. In *Annon Consulting, Inc.*, Defendant BioNitrogen <u>knew</u> of Annon Consulting Inc.'s complaint because service was proper. *Annon Consulting Inc.* Id. at 729 ("On 26 January 2015, Annon filed suit against Defendants, seeking to enforce the terms of the loan. After ***proper service***, Defendants failed to respond to the complaint." emphasis added) See also *Annon Consulting Inc., Id.* at 732 ("BioNitrogen's CEO testified that he was aware of the suit and that Defendants' former

CFO -- together with Defendants' corporate counsel -- was attempting to effect a settlement with Annon.") In the instant case, service of the lawsuit was not proper, nor was Mr. Wilson (defendant) immediately aware of the lawsuit. A lack of actual notice of a lawsuit is a sufficient reason for the district court to set aside a judgment under Rule 60. See *Rooks v. American Brass Co.*, 263 F.2d 166, 168 (6th Cir.1959) (per curiam) (where process was properly served at defendant's residence but was never received by the named defendant but rather was passed by his wife to his business manager, who mistook it for a suit involving defendant's corporation, default judgment was properly set aside). The Supreme Court has said this about the service-of-process requirement:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served. Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (quotation, citation, and alteration omitted), *superseded on other grounds* by Fed. R. Civ. P. 4(k)(2) (1993). As such, "an individual or entity is not obliged to engage in litigation unless officially notified of the action . . . under a court's authority, by formal process." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 925 (11th Cir. 2003) (quotation and alteration omitted).

IV.     **THE INCONTESTIBILITY OF PLAINTIFF'S TRADEMARKS**

Plaintiff Robinson argues that his GRABBA trademarks (Registration No. 4487117 for "GRABBA LEAF" and Registration No. 4461093 for "GRABBA LEAF and design") are incontestable. As Defendant previously stated, *supra*, Plaintiff's Grabba trademarks will remain incontestable if this court vacates the December 17, 2019 default judgment (Dkt. 25) since the

marks have obtained Section 8 and 15 status in the Patent and Trademark Office. The "incontestable ownership" section of the Lanham Act provides:

> To the extent that the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of *the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce* ... subject to [certain] defenses.

15 U.S.C. § 1115(b) (emphasis added). Thus, Plaintiff will not be prejudiced by vacating the December 17, 2019 default judgment.

As Defendant previously stated, *supra*, it is Defendant's intent that once this Court vacates its December 17, 2019 Default judgment and Order, Defendant will have the right to file with the Patent and Trademark Office a trademark registration for "HOT GRABBA NATURAL TOBACCO LEAF," in standard character format, for "leaf tobacco," in International Class 34 (disclaiming the exclusive right to use "GRABBA NATURAL TOBACCO.") Defendant does not intend to participate in any protracted litigation in this Honorable Court and does not need to do so to restore its rights that were upheld in the TTAB proceeding that gave rise to this appeal by Robinson.

## IV. **MERITORIOUS DEFENSE**

Plaintiff quotes the Eleventh Circuit case *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987) in support of its meritorious defense arguments. This citation is misplaced. In *Gibbs v. Air Canada,* the Eleventh Circuit never addressed Plaintiff's meritorious defense arguments. See *Gibbs v. Air Canada* at 538 ("Gibbs also asserts that Air Canada failed to meet the second leg of the test for establishing excusable neglect because it did not establish a meritorious defense by a clear and definite recitation of facts as required by the former Fifth Circuit's decision in *Moldwood*

*Corporation v. Stutts,* 410 F.2d 351, 352 (5th Cir. 1969). *Because we find that Air Canada failed to establish good cause for its default, we need not reach this argument.* (emphasis added))

As was indicated in Defendant's November 5, 2020 Motion and Memorandum, the present lawsuit before this Court is <u>*an appeal*</u> from of the final April 25, 2019 Trademark Trial and Appeal Board ("TTAB") where Defendant Hot Grabba had prevailed on all counts. The final April 25, 2019 TTAB decision (Dkt. 1-1) has been fully incorporated herein as if repeated verbatim. The law, facts and holding stated by the TTAB fully supports <u>any</u> meritorious defense. The final April 25, 2019 decision is much more than "'a hint of a suggestion'" that Defendant Hot Grabba has a meritorious defense. See *Moldwood Corp.* 410 F.2d at 352.

## VI. CONCLUSION

For the reasons set forth above and in the November 5, 2020 Motion and accompanying memorandum of law, Defendant respectfully requests that this Court vacate the entry of Default (Dkt. 19) and the December 17, 2019 default judgment (Dkt. 25) to give Defendant Hot Grabba an opportunity to restore its trademark registration No. 4,263,417 that had been upheld in the April 25, 2019 decision by the TTAB.

Dated: December 11, 2020.  Respectfully submitted,

By: /s/ Victoria E. Brieant
Victoria E. Brieant (FLB 632961)
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Telephone: (305) 413-9026
Facsimile: (786) 228-4914
Email: victoria@brieantlaw.com

Attorney for Defendant
Hot Grabba Leaf, LLC

CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, I will electronically file the foregoing document with the Clerk of the Court for the United States District Court of Southern District of Florida by using the CM/ECF system and that service will be accomplished by the CM/ECF system on Louis R. Gigliotti, Esq., counsel for plaintiff, at Email: lgigliotti@bellsouth.net

    Respectfully submitted,
By: /s/ Victoria E. Brieant
Victoria E. Brieant, FBN 632961