UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61614-GAYLES

**MICHAEL ANDREW ROBINSON**,

    Plaintiff,

v.

**HOT GRABBA LEAF, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Hot Grabba Leaf, LLC's Amended Motion to Vacate Default Pursuant to Federal Rules of Civil Procedure Rules 55(c) and 60(b) (the "Amended Motion") [ECF No. 29].[1] The Court has reviewed the Amended Motion and the record and is otherwise fully advised. For the reasons that follow, the Amended Motion is granted.

## BACKGROUND

This action stems from an order by the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB") cancelling two federal trademark registrations that are owned by Plaintiff Michael Andrew Robinson and contain the words "GRABBA LEAF". [ECF No. 1 at 1 ¶ 2]. In this action, Plaintiff appeals the TTAB order and seeks its reversal. *Id.* at 1 ¶ 1.

---

[1] Defendant's Amended Motion states that a "Memorandum of Points and Authorities, Declaration of Bryan Wilson, and [Proposed] Order in support of this [Amended] Motion are submitted herewith." [ECF No. 29 at 1]. However, Defendant failed to attach all three documents.

### I. The Trademark Trial and Appeal Board Decision

Plaintiff originally brought this action before the USPTO against Defendant, challenging Defendant's registration of the "HOT GRABBA NATURAL TOBACCO LEAF" trademark. *Id.* at 3 ¶ 12. Specifically, Plaintiff petitioned to cancel Defendant's registration and claimed that he was "the owner of Registration No. 4487117 for GRABBA LEAF for cigar wraps and of Registration No. 4461093 for GRABBA LEAF and design, also for cigar wraps . . . ." [ECF No. 1-1 at 2]. Defendant filed a counterclaim in which it sought to cancel Plaintiff's "GRABBA LEAF" marks based on its descriptiveness. [ECF No. 1 at 3 ¶ 12]. On April 25, 2019, the TTAB denied Plaintiff's petition and granted Defendant's counterclaim to cancel Plaintiff's Registration Nos. 4487117 and 4461093, finding that the marks in those registrations were merely descriptive.[2] [ECF No. 1-1 at 23]. As a result, the TTAB ordered the cancellation of Plaintiff's two registrations. [ECF No. 1 at 1 ¶ 2].

### II. The Default Judgment in Federal Court

On June 27, 2019, Plaintiff brought this action against Defendant Hot Grabba Leaf, LLC, appealing the TTAB's decision and seeking reversal of the cancellation of Plaintiff's federal trademark registrations. [ECF No. 1]. On September 25, 2019, Plaintiff served Defendant with a summons and the Complaint at 45 Hempstead Turnpike, West Hempstead, New York 11552 (the "West Hempstead address"). [ECF No. 14]. On October 28, 2019, the Clerk of Court entered a default as to Defendant for its failure to plead or otherwise defend this action. [ECF No. 19]. On November 4, 2019, Plaintiff moved for entry of a default judgment against Defendant. [ECF No. 23]. On December 17, 2019, the Court granted the motion and entered a Final Default Judgment

---

[2] Plaintiff states that the TTAB found that the registrations were "merely descriptive without having acquired distinctiveness." [ECF No. 1 at 2 ¶ 4]. However, the TTAB noted that Plaintiff failed to plead or argue that his marks acquired distinctiveness, not that they did not in fact acquire distinctiveness. *See* [ECF No. 1-1 at 22].

2

against Defendant, vacating the TTAB decision and cancelling Defendant's trademark registration for "Hot Grabba Natural Tobacco Leaf" (No. 4,263,417). [ECF Nos. 24 & 25]. On November 5, 2020, Defendant's counsel filed her Notice of Appearance before the Court. [ECF No. 27]. Defendant also filed a Motion to Vacate Default Pursuant to Federal Rules of Civil Procedure Rules 55(c) and 60(b). [ECF No. 28]. On November 6, 2020, Defendant filed its Amended Motion. [ECF No. 29].

### III.     The Underlying Factual Background

In June 2019, Defendant arranged to have its business offices moved in July 2019 from the West Hempstead address to a new office located at 49C North Franklin Street, Hempstead, New York 11550 (the "North Franklin address"). [ECF No. 28-2 at 1–2 ¶ 5]. After leaving the West Hempstead address, Defendant lost access to any mail and packages sent to that address. *Id.* In July 2019, Defendant instructed its bookkeeper/CPA to change Defendant's business address to the North Franklin address where required for business purposes. *Id.* at 2 ¶ 6. The bookkeeper/CPA changed the business address with the Internal Revenue Service but failed to do so with the New York State Secretary of State.[3] *Id.* at 2 ¶ 7.

On August 28, 2020, Defendant received a notice that the USPTO cancelled Defendant's trademark registration (No. 4,263,417). *Id.* at 3 ¶ 15. That same day, Defendant contacted its previous counsel in the TTAB Proceedings, who advised that Defendant obtain counsel in Florida. *Id.* at 4 ¶ 16. On August 31, 2020, Defendant obtained counsel and first learned that: (1)

---

[3] As a New York limited liability company, Defendant maintains an "obligation to keep on file with the Secretary of State the current address of an agent to receive service of process." *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 Civ. 1674(RJS), 2013 WL 5405699, at *4 (S.D.N.Y. Sept. 23, 2013) (citation omitted). *See also Vega v. Trinity Realty Corp.*, 14-CIV-7417 (RJS), 2021 WL 738693, at *7 (S.D.N.Y. Feb. 24, 2021) (noting corporation's obligation to keep its file with Secretary of State current); *id.* ("Having accepted the benefits flowing from incorporating under the laws of New York, [Defendant] was required to take its obligations seriously." (citation and internal quotation marks omitted)). Under New York law, "[t]he secretary of state shall be the agent of every domestic corporation . . . upon whom process against the corporation may be served." N.Y. Bus. Corp. L. § 304.

Defendant's bookkeeper/CPA failed to change Defendant's business address with the New York State Secretary of State to the North Franklin address; (2) Plaintiff filed this action on June 27, 2019; (3) Plaintiff served Defendant with a summons and the Complaint at the West Hempstead address on September 25, 2019; and (4) the Court entered a final default judgment on December 17, 2019, ordering that Defendant's trademark registration (No. 4,263,417) be cancelled. *Id.* at 4–5 ¶¶ 18–23. In September 2020, Defendant changed its business address with the New York State Secretary of State to the North Franklin address. *Id.* at 5 ¶ 24.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 55

Rule 55 requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment may then be entered by the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . ." *Id.* at (b)(1). Alternatively, a district court may enter a default judgment upon the party applying to the district court for a default judgment. *Id.* at (b)(2). In the Eleventh Circuit, there is a "strong policy of determining cases on their merits" and, therefore, "default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (per curiam) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). As such, default judgments are considered "to be a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (per curiam) (citation and internal quotation marks omitted). The pleadings must provide a sufficient basis for entry of a default judgment to be warranted, a standard that is "akin to that necessary to survive a motion to dismiss

for failure to state a claim." *Estate of Faull by Jacobus v. McAfee*, 727 F. App'x 548, 552 (11th Cir. 2018) (per curiam) (quoting *Surtain*, 789 F.3d at 1245).

## II. Federal Rule of Civil Procedure 60

A district court "may set aside a final default judgment under [Federal Rule of Civil Procedure] 60(b)." Fed. R. Civ. P. 55(c). "The exclusive method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 391 (11th Cir. 2018) (per curiam) (citing *Gulf Coast Fans, Inc. v. Midwest Elects. Imps., Inc.*, 740 F.2d 1499, 1507 (11th Cir. 1984)). On a proper motion, and if appropriate, a district court may relieve a party from default judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The movant seeking relief under Rule 60(b) "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (first alteration in original) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 454 F. Supp. 3d 1259, 1268 (S.D. Fla. 2020) (citation and internal quotation marks omitted). "[W]hether to grant the requested [Rule

60(b)] relief is . . . a matter for the district court's sound discretion." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (alteration in original) (quoting *Cano*, 435 F.3d at 1342). However, the defaulting party must bring a Rule 60(b) motion "no more than a year after the entry of the judgment . . . ." *See* Fed. R. Civ. P. 60(c)(1); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.").

## ANALYSIS

Defendant argues that setting aside the default judgment is warranted because it can show that it has a meritorious defense, vacating the default judgment would not prejudice Plaintiff, and good cause exists for its failure to respond to Plaintiff's Complaint.[4] Defendant also argues that setting aside the underlying default is warranted because its default was not culpable or willful, there would be no prejudice to Plaintiff, and Defendant has a meritorious defense. The Court finds that Defendant has met its burden of showing that it is entitled to relief from the default judgment under Rule 60(b) and good cause warrants relief from the default under Rule 55(c).

### I. Relief from the Court's Default Judgment is Warranted under Rule 60(b)

Defendant seeks relief from the Court's Default Judgment under Rule 60(b)(1). *See* [ECF No. 28-1 at 15]. Where relief is sought under Rule 60(b)(1), a defaulting party "must show that: (1) it had a meritorious defense that might have affected the legal outcome, (2) granting the motion

---

[4] As Plaintiff notes in his Response, Defendant does not dispute the sufficiency of service of process. *See* [ECF No. 30 at 3]. "Insufficiency of process, like other defenses referred to in [Federal Rule of Civil Procedure] 12, may be waived by 'formal submission in a cause, or by submission through conduct.'" *United States v. Dardashti*, No. 15-CIV-22317, 2016 WL 6561480, at *2 (S.D. Fla. Apr. 15, 2016) (quoting *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 996–97 (1st Cir. 1983)). Moreover, "a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in [its] first Rule 12 motion, other initial pleading or general appearance." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1299 (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Because Defendant does not raise an insufficient service of process claim or dispute personal jurisdiction in the Amended Motion, it is deemed waived. *See id.*

would not result in prejudice to the non-defaulting party; and (3) good cause existed for failing to reply to the complaint." *United States v. Approximately $299,873.70 Seized from a Bank of Am. Account*, 833 F. App'x 773, 775 (11th Cir. 2020) [hereinafter *Approximately $299,873.70 Seized*] (per curiam) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295). Determining "what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). The Court finds that the circumstances here warrant relief from default judgment.

        **A.**        **Defendant has Established a Meritorious Defense.**

As the moving party, Defendant "must demonstrate a defense that probably would have been successful, in addition to showing excusable neglect." *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (citation omitted). This requires that Defendant "affirmatively and specifically show that there was a valid defense that would probably change the outcome of the case." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1296. Moreover, Defendant must "establish a meritorious defense by a clear and definite recitation of facts . . . ." *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987) (discussing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). General assertions without more will not suffice. *See In re Worldwide Web Sys., Inc.*, 328 F.3d at 1296; *Solaroll Shade & Shutter Corp., Inc.*, 803 F.2d at 1133. However, "likelihood of success is not the measure . . . . Instead, the movant need only provide a hint of a suggestion that [its] case has merit." *Suntrust Bank v. Armsey*, No. 09-CIV-80606, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) (citations and internal quotation marks omitted).

Here, Defendant relies on the TTAB decision to argue that it has a meritorious defense against Plaintiff's appeal. [ECF No. 28-1 at 18]. Plaintiff challenges the merits of this argument based on the additional evidence he brought in this action and that the marks are now incontestable as a result of the default judgment. [ECF No. 30 at 8–9]. At this stage of the litigation, "the Court cannot and should [not] decide whether these arguments have merit . . . ." *Suntrust Bank*, 2010 WL 731802, at *2. Rather, the Court's review of Defendant's arguments is whether the "allegations are entirely devoid of merit." *Id.* Defendant successfully argued its counterclaim before the TTAB and could conceivably do so again before this Court. Therefore, Defendant presents a viable meritorious defense.

### B.  Setting Aside the Default Judgment will not Prejudice Plaintiff.

Defendant argues that Plaintiff will not be prejudiced by the Court setting aside the default judgment because the suit is in its preliminary stage and Plaintiff would have to litigate its case on the merits. [ECF No. 28-1 at 8, 14–15]. Plaintiff argues prejudice exists because the USPTO cancelled Defendant's trademark and found Plaintiff's trademarks to be incontestable, which he relies on to "clean[] up the market to prevent third party usage . . . ." [ECF No. 30 at 9]. The Court finds that granting the Amended Motion and relieving Defendant of the default judgment will not prejudice Plaintiff.

"To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Gerstenhaber v. Matherne Holdings, Inc.*, No. 18-CIV-61213, 2018 WL 6261848, at *2 (S.D. Fla. Nov. 6, 2018) (quoting *GuideOne Mut. Ins. Co. v. Iglesia Bautista Resurreccion*, No. 11-CIV-20497, 2011 WL 3584212, at *3 (S.D. Fla. Aug. 12, 2011)). None of these circumstances are present here such that Plaintiff would be prejudiced by the Court setting aside the default judgment.

8

This appeal is in its early stages and is based on a petition previously litigated and adjudicated by the TTAB. *See* [ECF No. 1 at 1–2]. The majority of the evidence in this matter has likely been developed through the TTAB proceeding or is part of the additional evidence Plaintiff presented when it moved for a default judgment. *See* [ECF No. 23]. Additionally, the incontestability of Plaintiff's trademark is solely based on a default judgment that resulted from Defendant being served at its old business address, rather than on a merits-based determination. While Plaintiff claims that the trademark's incontestability is necessary to "clean[] up the market to prevent third party usage," [ECF No. 30 at 9], he only identifies one case in this district, *see id.* at 8. Notably, that matter has since been dismissed without prejudice pursuant to a joint stipulation of dismissal between Plaintiff and the defendants. *See Robinson v. Chaabani*, No. 20-CIV-60901 (S.D. Fla. June 28, 2021), [ECF Nos. 40 & 41]. Therefore, the Court cannot find that Plaintiff would be prejudiced by the Court setting aside the default judgment.

      **C.**    **Defendant has Shown Good Cause for Failing to Respond to the Complaint.**

Defendant argues that good cause justifies its failure to respond to Plaintiff's Complaint, pointing to an "inadvertent mistake by [its] bookkeeper/CPA, who failed to change Defendant's corporate business address on file with the New York State Secretary of State." [ECF No. 29 at 1]. Defendant further notes that its failure to respond "was neither culpable nor willful," and that it never "deliberately intended to violate any court rules." [ECF No. 28-1 at 6–7]. Plaintiff points to a company's fundamental duty to keep its registered agent address current to dispute Defendant's justification for failing to respond or otherwise appear in this matter. [ECF No. 30 at 9]. The Court finds that Defendant has demonstrated a good cause for failing to respond or otherwise appear in this action.

"The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. It is only appropriate where there has been a clear record of delay or contumacious conduct." *United States v. Varmado*, 342 F. App'x 437, 441 (11th Cir. 2009) (per curiam) (quoting *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972) (per curiam)). Here, an administrative error by a bookkeeper/CPA—rather than Defendant's willful disregard for the proceedings—caused Defendant's delay in responding or otherwise appearing in this action. The record makes clear that Defendant directed its bookkeeper/CPA to update its business address in all relevant forums, but the bookkeeper failed to do so with the New York State Secretary of State. [ECF No. 28-1 at 7]. Plaintiff subsequently served Defendant at its old business address, which resulted in Defendant not learning of this lawsuit until several months after the Court entered a default judgment. *Id.* at 7–8. While Defendant should have been more diligent in maintaining its current address with the Secretary of State, the default judgment that resulted from this oversight is not due to "willful misconduct or intentionally dilatory tactics . . . ." *Varmado*, 342 F. App'x at 441. *See also Proficient Auto, Inc. v. Auto Transp. Servs., Inc.*, No. 13-CIV-60945, 2013 WL 12383302, at *3 (S.D Fla. Sept. 13, 2013) ("Although Defendant has a responsibility to be aware of the existence of its legal agents and to monitor its correspondence, these facts reveal that the default resulted from inadvertence rather than willful delay or contumacious conduct.").

Moreover, Defendant acted within a reasonable amount of time when it learned that the USPTO cancelled its trademark registration, immediately seeking counsel and correcting its business address with the Secretary of State. [ECF No. 28-2 at 4 ¶ 16; 5 ¶ 24]. Although quite some time has passed since the filing of the Complaint and entry of the default judgment, much of the evidence in this action is already developed. Additionally, requiring the parties to litigate this action on the merits is in accordance with this Circuit's "strong policy of determining cases on

their merits." *Surtain*, 789 F.3d at 1244–45 (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295). Thus, the Court finds good cause for Defendant's failure to respond or otherwise appear in this action.

Because the equities weigh in favor of setting aside the default judgment, Defendant's Amended Motion is granted pursuant to Rule 60(b)(1) and the default judgment is vacated.

## II.     Relief from the Clerk's Default is Warranted under Rule 55(c)

Defendant also seeks relief under Rule 55(c) from the Clerk's entry of default. *See* [ECF No. 28-1 at 10]. A district court "may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The "good cause" standard is a "mutable standard, varying from situation to situation . . . [and] is not susceptible to a precise formula . . . ." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). In setting aside a default for good cause, "[a] movant must make only a 'bare minimum showing' in support of its claim to set aside default." *Rozo v. Perfect Multi, LLC*, No. 13-CIV-61586, 2014 WL 12628471, at *2 (S.D. Fla. Jan. 28, 2014) (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)). This is because the "good cause" standard "is a 'liberal' standard." *Id.* (quoting *Compania Interamericana*, 88 F.3d at 951).

When determining whether the good cause standard is met, a district court will consider: "(1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party has a meritorious defense." *Watkins v. Cent. Broward Reg'l Park*, 799 F. App'x 659, 663 (11th Cir. 2020) (per curiam) (citing *Compania Interamericana*, 88 F.3d at 951). These factors alone are not "talismanic" and "courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted

-
-

promptly to correct the default." *Compania Interamericana*, 88 F.3d at 951 (citation omitted). Ultimately, these factors are a "means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citation omitted). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951–52.

The Court finds that good cause warrants setting aside the entry of default against Defendant in this case. For the same reasons discussed above, Defendant has shown that the default was neither culpable or willful, that Plaintiff would not be prejudiced by setting aside the default, and that Defendant could present a meritorious defense against Plaintiff's Complaint. *See Gerstenhaber*, 2018 WL 6261848, at *2 (setting aside default and default judgment on similar grounds). As a result, Defendant's Amended Motion is granted pursuant to Rule 55(c) and the Clerk's default shall also be set aside.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Hot Grabba Leaf, LLC's Amended Motion to Vacate Default Pursuant to Federal Rules of Civil Procedure Rules 55(c) and 60(b), [ECF No. 29], is **GRANTED**.

2. The Clerk's Entry of Default, [ECF No. 19], and the Final Default Judgment, [ECF No. 25], are **SET ASIDE**.

3. This case is **RE-OPENED**.

4. The April 25, 2019 Order entered by the Trademark Trial and Appeal Board is re-instated until further ordered of this Court.

5. Defendant shall separately file an answer or motion to dismiss to Plaintiff's Complaint on or before **September 21, 2021**.

6. The parties shall attend a Telephonic Status Conference before Judge Darrin P. Gayles at **10:00 A.M. on September 15, 2021**. Counsel shall enter their appearances telephonically using the following dial-in information: **Dial-in Number 888-273-3658**; **Access Code 7032614**; **Security Code 5170**. Please dial in at least ten minutes before the Telephonic Status Conference begins and wait until your case is called.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of September, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE