UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 0:19-cv-61614-DPG

MICHAEL ANDREW ROBINSON,

    Plaintiff,

v.

HOT GRABBA LEAF, LLC,

    Defendant.
_____/

## STIPULATED FINAL JUDGMENT

THIS CAUSE is before the Court on the Parties', Plaintiff, MICHAEL ANDREW ROBINSON, and Defendant HOT GRABBA LEAF, LLC., stipulated Final Judgment. Based on the Parties' stipulation, it is ORDERED AND ADJUDGED as follows:

1. Good Cause exists to enter Final Judgment.

2. This case was filed as an appeal from a Trademark Trial and Appeal Board decision. The Court granted Plaintiff relief by default. [DE 9, 25]. The Default Final Judgment was set aside. [DE 35]. The case is currently stayed by Court Order. [DE 37]. The Parties seek entry of a Final Judgment that resolves all matters and permits both Plaintiff's GRABBA LEAF trademarks and Defendant's HOT GRABBA NATURAL TOBACCO LEAF trademark to be registered.

3. The Parties have entered into a Co-Existence Agreement, whereby the respective marks are not likely to cause confusion in the marketplace, as Plaintiff's GRABBA LEAF marks and Defendant's HOT GRABBA NATURAL TOBACCO LEAF mark denote separate and distinct commercial impressions.

4. Mr. Robinson is the owner of two incontestable registrations for GRABBA LEAF for use on cigar wraps, Registration Nos: 4487117 and 4461093. These marks had been ordered cancelled by the TTAB and Plaintiff has appealed to this Court. As a result of Defendant's default, which has since been vacated, the Court ordered the cancellation of the HOT GRABBA NATURAL LEAF trademark. The Court now vacates its order for the cancellation of the HOT GRABBA NATURAL LEAF trademark. The parties have agreed that all of these marks are entitled to registration.

5. The court has statutory authority to restore the Hot Grabba Natural Leaf trademark to full registration status. Specifically, the Court has the statutory authority to regulate the registration of trademarks and to order the TTAB to act in furtherance of its decisions. In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, *in whole or in part, restore cancelled registrations*, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office and shall be controlled thereby. 15 U.S.C. §1119.

6. The Parties have stipulated that the Plaintiff's GRABBA LEAF trademarks should remain registered and that Defendant's HOT GRABBA NATURAL LEAF trademark meets all statutory and legal requirements to maintain its mark as registered, and with full force and effect, to be restored on the Principal Register with the United States Trademark Office, with its original registration date of December 25, 2012.

7. The Court finds that Plaintiff's GRABBA LEAF marks are inherently distinctive, have acquired secondary meaning in the marketplace, and should be permitted to remain registered.

8. The Court finds that Defendant's HOT GRABBA NATURAL LEAF mark is also inherently distinctive, has acquired secondary meaning in the marketplace, and should be permitted to be re-registered.

9. The Court vacates its Order vacating the TTAB Order entered on April 25, 2019. D.E. 25.

10. The Court orders that the USPTO maintain as registered incontestable US Trademark Registration Nos: 4,487,117 and 4,461,093 for GRABBA LEAF for use on cigar wraps, remain registered.

11. The Court orders that US Trademark Registration No.: 4,263,417 for HOT GRABBA NATURAL TOBACCO LEAF for leaf tobacco be restored to the Principal Register with its original effective dated of December 25, 2012.

12. Counsel for Plaintiff has authorized counsel for Defendant to file this Final Judgment on its behalf.

DONE AND ORDERED IN CHAMBERS IN MIAMI, FLORIDA, THIS 5th DAY OF August, 2022.

By: _____
Darrin P. Gales
United States District Judge